UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nicholas Mavis,<br><br>      Plaintiff,<br> v.<br><br><br>Diversified Consultants, Inc.; and<br>DOES 1-10, inclusive,<br><br>      Defendants. | Civil Action No.: 3:13-cv-30087-KPN |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Nicholas Mavis ("Mavis"), by and through his undersigned counsel, respectfully moves this Court to reconsider the Court's Order of April 11, 2014, granting the Motion by Defendant Diversified Consultants, Inc. ("DCI") for Sanctions for Plaintiff's failure to appear at his deposition. (Doc. No. 22).  Plaintiff respectfully submits that that the failure to appear stemmed from a good faith dispute concerning the location of the deposition and not from an egregious abrogation of the Plaintiff's duties under the Federal Rules.  Plaintiff further respectfully submits that the Court's imposition of the sanction of dismissal with prejudice was in error and not warranted, and Plaintiff respectfully requests that the Court reconsider its dismissal order.

## BACKGROUND

The Court's April 11th Order granting the Motion to Dismiss set forth:

> The opposition offers no valid explanation or excuse for the plaintiff's failure to appear for the deposition. Not timely motion for protective order was sought. This egregiously recalcitrant conduct cannot be countenanced. This case is hereby ordered dismissed. So ordered.

(Doc. No. 30).

This litigation unfolded as follows: the Complaint was filed on April 29, 2013, the parties attended a scheduling conference before Magistrate Judge Neiman on September 25, 2013, and

the Scheduling Order issued two days later on September 27, 2013.  Under the Scheduling Order, the discovery cutoff was set for March 21, 2014.  The parties exchanged written discovery, all without any disputes that required court intervention, and proceeded to depositions.

Plaintiff deposed Defendant's Rule 30(b)(6) designee in Jacksonville, Florida on February 28, 2014.   Defendant's counsel vigorously objected to the location as imposing a hardship on his client. Plaintiff's counsel willingly accommodated, moving the deposition 1/2 mile closer to Defendant's offices.(Doc. No. 25-1 ¶7; Doc. No. 25-8).

On February 24, 2014, Defendant served a notice of deposition on Plaintiff with the deposition to commence on March 18, 2014. (Doc. No. 23-1).  On March 12, 2014, Defendant filed a motion with this Court seeking to stay proceedings in this case pending FCC rulings. (Doc. No. 17).  At the same time, Defendant filed an identical motion before Judge Saylor in a similar case called *Jamie Davis v. Diversified Consultants,* Doc. No. 22, 13-cv-10875 (D. Ma.), proceeding on a similar track.   Judge Saylor denied that motion by order dated March 18, 2014.

The parties communicated by e-mail and Plaintiff's counsel reiterated that the Boston location would cause a hardship on Plaintiff.  Plaintiff's counsel objected to the location of the deposition in Boston as burdensome by e-mail dated March 15, 2014. (Doc. No. 23-3 at 4). Plaintiff confirmed on March 17, 2014, that the deposition would not proceed on March 18th in Boston. *Id*. at 2.  Based on the parties' dealings in this case, it was the expectation of Plaintiff's counsel that Defendant would come around and a mutually satisfactory arrangement would be reached. That was particularly so since during these times Defendant's Motion to Stay was pending before this Court.

On March 18, 2014, when it became clear that no compromise could be achieved, Plaintiff filed a motion for protective order regarding the location of the deposition. (Doc. No.

19). The motion was filed after the time the deposition was to commence according to the notice, but on the same day. The motion was filed while Defendant's motion to stay was pending and before Judge Saylor ruled on the motion to stay in the *Davis* case.

## STANDARD

The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). *Ruiz Rivera v. Pfizer Pharm., LLC,* 521 F.3d 76, 81–82 (1st Cir. 2008). A motion for reconsideration will be granted upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Id.* Here, Plaintiff submits the Court's order dismissing this action reflects a manifest error of law or a misunderstanding of apprehension.

## ARGUMENT

### I. The Sanction of Dismissal Was Not Warranted in This Case

This Court imposed one of the harshest sanctions available -- the dismissal of Plaintiff's case with prejudice -- denying him the opportunity to have his case heard on the merits. "Where dismissal with prejudice is involved, it has long been our rule that a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.' " *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006); *Richman v. Gen. Motors Corp.,* 437 F.2d 196, 199 (1st Cir. 1971) (holding that "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases" that have "a clear record of delay or contumacious conduct"). The justification for dismissal must be "comparatively more robust" than other discovery sanctions. *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 79 (1st Cir. 2009) (*citing Young*, 330 F.3d at 81).

Still, dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order. When noncompliance occurs, the court

should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002); *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987).

In general, a trial court confronted by sanctionable behavior should consider the purpose to be achieved by a given sanction and then craft a sanction adequate to serve that purpose *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 395 (1st Cir. 1990). "While we eschew the imposition of rigid guidelines for the trial courts in this circumstance-specific area of the law, the judge should take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms. Whether deterrence or compensation is the goal, the punishment should be reasonably suited to the crime." *Id.*

Plaintiff respectfully submits that the Court manifestly erred in imposing the dismissal sanction here. The dispute concerning the proper location for Plaintiff's deposition was grounded in good faith. The Plaintiff had a hardship in traveling to Boston, which Plaintiff's counsel articulated to this Court. As set forth in Plaintiff's March 18, 2014 motion for a protective order that was pending when this Court dismissed the case, Mavis had no means to drive to Boston for the deposition. (Doc. No. 21 at 2). While it is clearly understood that the Court rejected that rationale and the motion for a protective order as untimely, having been filed the same day as the deposition was set to proceed, the fact that Plaintiff's rationale was lacking or his motion untimely does not equate to extreme and egregious behavior that would warrant dismissal. Plaintiff may have been wrong and the Court found his justifications wanting, but from that it does not flow that Plaintiff's conduct was contumacious or disrespectful of this Court's orders or of the discovery process. Plaintiff had a good faith objection to the location of

the deposition; he did not violate any court orders, he did not repetitively violate any Court orders and, had the Court denied the protective order as untimely or not well founded and ordered Plaintiff to appear where and when the Defendant chose, Plaintiff would have done so. In this regard, we respectfully submit that the Court manifestly erred in finding that Plaintiff's conduct was "egregiously recalcitrant."

Moreover, the Plaintiff did not just "not appear" for his deposition. The failure of the deposition to proceed on March 18, 2014, followed several communications between undersigned counsel and counsel for the Defendant in which Plaintiff's counsel objected to the location as unduly burdensome and inappropriate as it was set distant from where the case is pending. (Doc. No. 23-3).[1] Further, Plaintiff's counsel did inform the Defendant that the Plaintiff would not be appearing for the deposition on the 18th. Plaintiff respectfully submits that his objection was grounded in the good faith belief that the Defendant, in selecting a deposition location at the outer bounds of the one hundred mile rule, was not making reasonable discovery accommodations as expected by practitioners in this Court just as the accommodations Plaintiff made for Defendant when deposing its representative in Florida.

Plaintiff fully understands that the Court did not and does not accept Plaintiff's rationale and denied Plaintiff's motion for a protective order as untimely and unfounded. (Doc. No. 33). However, while Plaintiff may have been wrong, that does not equal egregious conduct and does not demonstrate the type of extreme conduct warranting dismissal with prejudice rather than a lesser sanction. Plaintiff also notes that he made his motion for a protective order the day of the deposition in question, following clear notification to the Defendant that Plaintiff found the location objectionable, and the motion was filed well before the Defendant filed its motion for

---

[1] Plaintiff understands that the Court did not and does not accept this rationale. Again, however, Plaintiff may have been wrong but that does not equal to egregious conduct.

sanctions. In this regard, Plaintiff respectfully submits that the Court committed a misunderstanding of apprehension by not considering that, while perhaps wrong, Plaintiff was not ignoring his duty to attend his deposition and did in fact raise his objections with the Defendant's counsel and did seek relief from the Court.

## CONCLUSION

For the foregoing, Plaintiff respectfully requests that the Court reconsider the Order of April 11, 2014, dismissing Plaintiff's case with prejudice, deny Defendant's Motion for Sanctions in that respect, return this matter to the Court's active docket and Order Plaintiff to attend his deposition in Boston.

Dated: May 1, 2014                                                       Respectfully submitted,

By: */s/ Sergei Lemberg*
Sergei Lemberg, Esq. (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*

## L.R. D. MASS 7.1(a)(2) CERTIFICATE

I hereby certify that I have conferred with counsel for the Defendant concerning the relief sought herein and the Defendant represents that it opposes reconsideration.

By */s/ Sergei Lemberg*
Sergei Lemberg (BBO# 650671)

## **CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that on May 1, 2014, a copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and for Sanctions was filed via the CM/ECF system for the District of Massachusetts, which sent notice of such filing to the following:

John J. O'Connor
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
*Attorney for Defendant*

                                                               /s/ Sergei Lemberg
                                                               Sergei Lemberg, Esq.